IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYMOND E. WRIGHT, | § | |
| | § | No. 553, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1412000775 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 11, 2016
Decided: May 23, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 23rd day of May 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) On July 2, 2015, a Superior Court jury found the defendant-appellant, Waymond Wright, guilty of one count of Criminal Solicitation in the Second Degree. On September 11, 2015, the Superior Court sentenced Wright as a habitual offender under 11 *Del. C.* § 4214(a) to four years at Level V incarceration.[1] This is Wright's direct appeal.

---

[1] The Superior Court's September 11, 2015 sentencing order also sentenced Wright on charges of Robbery in the Second Degree and Conspiracy in the Second Degree in Cr. ID

(2)     Wright's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Wright's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Wright's attorney informed him of the provisions of Rule 26(c) and provided Wright with a copy of the motion to withdraw and the accompanying brief.  Wright also was informed of his right to supplement his attorney's presentation.  Wright did not file any points for this Court's consideration.  The State has responded to the position taken by Wright's counsel and has moved to affirm the Superior Court's judgment.

(3)     This Court's review of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (i) we must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) we must conduct our own review of the record and determine whether the appeal is so totally devoid of at least

---

1208019720.  Wright had been convicted of those charges following a jury trial in July 2013.  Wright's conviction of Criminal Solicitation related to conduct that he engaged in following his robbery trial.  Although Wright filed a notice of appeal from all three convictions and sentences, his counsel filed a motion to withdraw and no-merit brief under Rule 26(c) only as to Wright's conviction for criminal solicitation in Cr. ID 1412000775.  His appeal from his other convictions in Cr. ID 1208019720 has been briefed separately on the merits in this same case number.

arguably appealable issues that it can be decided without an adversary presentation.[2]

(4) The Court has reviewed the record carefully and has concluded that Wright's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Wright's counsel has made a conscientious effort to examine the record and the law and has properly determined that Wright could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court in Cr. ID 1412000775 is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).